# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Alkeim D. Howard,<br>　　Petitioner, | )<br>)<br>) |
| v. | ) 　1:18cv1041 (TSE/TCB) |
| | ) |
| Carl Manis,<br>　　Respondent. | )<br>)<br>) |

### MEMORANDUM OPINION

Alkeim D. Howard, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of the attempted capital murder of a law enforcement officer entered in the Circuit Court of Sussex County. Respondent filed a Motion to Dismiss the petition along with a supporting brief on March 21, 2019, and provided Howard with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. Nos. 21-24] After receiving an extension of time, Howard filed his opposition to the Motion to Dismiss on April 11, 2019. [Dkt. No. 29] Accordingly, this matter is ripe for disposition. After careful consideration, for the reasons which follow, the petition must be dismissed as time-barred. Also pending before the Court is petitioner's Motion for Issuance of Evidentiary Hearing, which must be denied.

### I. Background

On January 6, 2014, Howard was convicted of the attempted capital murder of a law enforcement officer, assault and battery of another law enforcement officer, malicious wounding, and misdemeanor destruction of property. He only appealed the attempted murder conviction, which was affirmed in an unpublished opinion on November 18, 2014. Howard v.

Commonwealth, R. No. 2150-13-2 (Va. App. Nov. 18, 2014); see id. at n. 1. The Supreme Court of Virginia refused Howard's petition for appeal of that result, Howard v. Commonwealth, R. No. 150166 (Va. Oct. 20, 2015), and denied his subsequent petition for rehearing on February 5, 2016.

On or about October 20, 2016, Howard timely filed a petition for a state writ of habeas corpus in the Circuit Court of Sussex County in Case No. 16-95.[1] The petition was dismissed on the merits by Final Order dated March 15, 2017, and Howard took no appeal of that decision.

Howard filed a second petition for a state writ of habeas corpus in the Supreme Court of Virginia on or about December 15, 2017. The petition was dismissed on February 13, 2018, on the grounds that: (1) the claims Howard asserted had been raised and decided in his earlier habeas petition, in violation of Va. Code § 8.01-663, and (2) the petition was untimely as it was not filed within one year from the final disposition of Howard's direct appeal on February 5, 2016, in violation of Va. Code § 8.01-654(A)(2). Howard v. Mannis, R. No. 171678 (Va. Feb 13, 2018).

Howard then turned to the federal forum and filed the instant application for § 2254 relief in the United States District Court for the Western District of Virginia on August 9, 2018. [Dkt. No. 1 at 35]; see Houston v. Lack, 487 U.S. 266 (1988). The matter was transferred to this district, and after Howard submitted the statutory filing fee the petition was filed on February 2, 2019. Howard asserts claims that the trial judge was biased against him and "prejudice[d]" his trial, and that he received ineffective assistance of counsel for several reasons.

---

[1]The state court record reveals that Howard delivered his petition to the court on or before July 22, 2016, but because he did not pay the applicable filing fee for some time the petition was not filed by the court until October 20, 2016.

## II. Analysis

A petition for a writ of habeas corpus pursuant to § 2254 must be dismissed if it was filed later than one year after (1) the judgment at issue became final; (2) any state-created impediment to filing a petition was removed; (3) the United States Supreme Court recognized the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, Howard's conviction of attempted murder became final on May 5, 2016, ninety (90) days after the Supreme Court of Virginia denied his petition for rehearing on his direct appeal, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period as to the attempted murder conviction began to run on that date.[2]

In calculating the one-year limitations period, a court must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the

---

[2]Because Howard did not challenge his convictions of assault and battery, malicious wounding, and misdemeanor destruction of property on direct appeal, they became final on or about February 5, 2014, when the time expired during which he could have done so. See United States v. Williams, 139 F.3d 896 (table), 1998 WL 120116 at *2 (4th Cir. Mar. 5, 1998) ("Under Virginia law, a conviction is final thirty days after the entry of the judgment of conviction.") The Court will not undertake a separate analysis of the timeliness of this federal petition as to those convictions; since this petition is untimely as to the attempted murder conviction which did not become final until May, 2016, patently it also is untimely as to them.

3

applicable state law as interpreted by state courts). Here, after the attempted murder conviction became final on May 5, 2016, the limitations period ran unchecked for 167 days, until Howard filed his petition for habeas corpus relief in the Sussex County Circuit Court on October 20, 2016. The limitations period remained tolled until the petition was dismissed on March 15, 2017 and the thirty-day period during which Howard could have appealed that decision expired. See Va. Sup. Ct. R. 5:9. It thus commenced to run again on April 14, 2017.

Although Howard filed a second state habeas corpus application in the Supreme Court of Virginia in December, 2017, that proceeding had no effect on the timeliness of the instant petition, for two reasons. First, the AEDPA limitations period expired on or about October 29, 2017, or 198 days after it began to run on April 14, 2017, so it had already terminated before the second state habeas was filed. Even were that not so, the second state habeas was not "properly filed," because the Supreme Court of Virginia expressly determined that it was barred by the statute of limitations set out in Va. Code § 8.01-654(A)(2). Accordingly, the pendency of that petition would not have acted to toll the § 2254(d) limitations period. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely). The limitations period in this case thus ran unchecked from April 14, 2017 until this federal petition was filed on August 9, 2018, a period of 481 days. When that period is added to the 167 days that elapsed before Howard filed his first state habeas action, a total of 648 days passed from the date Howard's attempted murder conviction became final until this § 2254 petition was filed. Since that period exceeded the one-year limitations period by 283 days, this petition is time-barred unless Howard can establish that the statute of limitations does not apply or should otherwise be tolled.

4

In his response to the Motion to Dismiss, Howard offers several arguments urging the Court to reach his claims on the merits. [Dkt. No. 29] He first contends that the untimeliness of his petition should be excused because of the nature of the claims he raises; that is, that his trial was fundamentally unfair and the judge asked "arbitrary questions." In fact, arguments such as these, which assert that a petitioner was deprived of his or her federal constitutional rights in a state criminal proceeding, are the only claims cognizable under § 2254, and the one-year limitations period nonetheless applies to all such proceedings.

Howard next argues that the untimeliness of this petition should be overlooked because he is actually innocent of the crimes of which he stands convicted. In McQuiggin v. Perkins, 569 U.S. 383 (2013), the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. As with an actual innocence claim in the context of other procedural defaults, however, the exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 569 S.Ct. at 399, quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). Here, while Howard invokes the term "actual innocence," the substance of his ensuing argument is that the trial court erred by asking questions which relieved the prosecution of the burden of proof, and defense counsel thereafter neglected to move for a mistrial. Such trial errors even if true do not warrant application of the McQuiggin exception to overcome the limitations bar; instead, the petitioner must make a convincing showing that he is actually factually innocent of the crime of which he stands convicted. See U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual

5

innocence; a showing that petitioner is legally but not factually innocent does not suffice).

Lastly, Howard argues that he is entitled to tolling of the limitations period because two state created-impediments prevented him from filing his petition in a timely manner. It is true that tolling of the § 2254 limitations period is available pursuant to § 2244(d)(1)(B) until a state-created impediment which "altogether prevented" the petitioner from filing his habeas claim in a timely manner is removed. Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009). Here, however, the factors to which Howard points do not meet this test.

Howard first argues in his Affidavit [Dkt. No. 14] that the Sussex County Circuit Court's failure to grant him in forma pauperis status in his first state habeas proceeding was a state-created impediment that prevented him from timely filing the instant § 2254 application. The record reveals that the court initially received Howard's petition along with a money order for $5.00. By letter dated July 22, 2016, the court informed Howard that the filing fee was $34.00 and that his money order would be held until he remitted the balance of $29.00. Id., Ex. A. On August 26, 2016, the court addressed a second letter to Howard, stating that the documentation regarding his inmate account did not qualify him to proceed in forma pauperis, and that "the balance of $29.00 should be paid to proceed further." Id., Ex. B. Howard paid the remainder of the filing fee and the petition was filed on October 20, 2016.

Under these circumstances, even if *arguendo* the Sussex County Circuit Court's denial of in forma pauperis status wrongfully delayed the filing of Howard's state habeas petition, that circumstance had no bearing on his ability to file a timely § 2254 action. As discussed above, the AEDPA limitations period as to Howard's attempted murder conviction began to run on May 5, 2016, so when the Sussex County Circuit Court filed his state habeas petition on October 20,

6

2016, over six months of the AEDPA limitations period still remained. Thus, because Howard still had ample time after the state habeas proceeding concluded during which he could have filed a timely § 2254 application, the delay in filing the state petition was irrelevant to the untimeliness of this federal petition. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (for an extraordinary circumstance to excuse the untimeliness of a § 2254 petition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance ... and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstance.").

The second circumstance which Howard identifies as state-created impediment to his timely filing of this petition is that the Supreme Court of Virginia dismissed his second state habeas proceeding on February 13, 2018, but he did not become aware of that fact until he was so advised in a letter from the court dated May 7, 2018. [Dkt. No. 14, Ex. C] As discussed above, however, the AEDPA limitations period had expired before the second state habeas application was filed, so the delay Howard experienced in learning that the state petition was dismissed had no bearing on his ability to file a timely federal habeas action.

Petitioner also has filed a Motion for Issuance of Evidentiary Hearing, in which he argues that he should be granted federal evidentiary hearing because he was denied an opportunity in the state courts to settle undisputed facts. Even if this petition had been filed timely, on habeas corpus review of a state conviction a federal court's review is limited "to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 180 (2011). Accordingly, no basis exists upon which to grant an evidentiary hearing in this matter.

## III. Conclusion

For the foregoing reasons, this petition must be dismissed, with prejudice, as time-barred. An appropriate Order and judgment shall issue.

Entered this 10th day of May 2019.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge